
# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-15-812

| | |
|---|---|
| | **Opinion Delivered** AUGUST 24, 2016 |
| CHRISTOPHER JONES | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| APPELLANT | |
| V. | [NO. CR-2013-1101] |
| STATE OF ARKANSAS | HONORABLE LEE FERGUS, JUDGE |
| APPELLEE | AFFIRMED |

## DAVID M. GLOVER, Judge

Christopher Jones was tried by a jury and found guilty of the offenses of simultaneous possession of drugs and firearms; possession of a controlled substance, cocaine, with purpose to deliver; possession of drug paraphernalia to manufacture (or other designated purposes) cocaine; possession of a controlled substance, marijuana, with purpose to deliver; and possession of a controlled substance, hydrocodone. He was sentenced to a total of 240 months' imprisonment in the Arkansas Department of Correction and fined $25,000. This appeal followed with Jones asserting 1) the trial court erred in denying his motion to suppress because the issuing magistrate failed to record material testimony relevant to the issuance of the search warrant, 2) the trial court erred in denying his motion to suppress because the affidavit was insufficient to establish the time frame in which the criminal activity was allegedly observed, and 3) the trial court erred in allowing the State to present testimony that the guns found in his house were readily accessible and capable of firing. We affirm.



*Denial of Motion to Suppress*

Jones's first two points of appeal involve the trial court's denial of his motion to suppress, contending the trial court erred in doing so because it failed to record material, relevant testimony and because the affidavit was not sufficient to establish the time frame in which the criminal activity was allegedly observed. These two issues can best be discussed together, and the following facts are pertinent to them.

The affidavit for search warrant was prepared by Officer Mike Brumfield of the Jonesboro police. He explained that on July 17, 2013, he performed a "trash pull at 908 N. Main" from a city trash can located on the curb for trash pick-up that day. He had received several reports that the resident at that address was selling crack cocaine. He retrieved one trash bag from the can and took it to the police-department parking lot to go through it. He found approximately sixty sandwich bags with the corners torn out of both sides. One of the baggies had a white powdery substance on it, which he field tested with a cocaine test swab, and it tested positive for the presence of cocaine. He also explained that the same trash bag contained mail with the 908 North Main address on it. The affidavit was signed by Brumfield, presented to a judge, and signed by the judge as well. Brumfield executed the search warrant the same morning he retrieved the trash and prepared his affidavit for search warrant. Evidence obtained during the search of the house resulted in the charges against Jones.

Jones moved to suppress, and at the suppression hearing, Officer Brumfield testified: he prepared the affidavit for search warrant based on his findings from the trash bag; he was the source of the information contained therein; he signed the affidavit and took it to the

SLIP OPINION

judge, who read over it and placed him under oath; the judge asked him some questions, but he did not provide any extra information other than what was contained in the affidavit; he asked for a no-knock entry because he believed Jones had a "concealed carry," and the judge asked him questions concerning that request, none of which was recorded; the judge denied the no-knock-entry request; the judge did not ask him where the "reports" came from; and he could not remember if the judge asked him about the time frame for the "reports" about Jones selling cocaine. He acknowledged he did not include time-frame information concerning the reports or anything about whom he got the reports from in his affidavit. He also confirmed the evidence taken under oath by the judge regarding the search warrant pertained only to the no-knock entry and the criminal history and that this testimony was not recorded.

Brumfield further testified he gave Jones a receipt for items seized following the search but acknowledged that he did not document that fact in his file. He also explained he did not take any photos of the cocaine swab that tested positive and he threw the swab away. The remainder of the hearing was devoted to legal arguments. At the conclusion of the hearing, the trial court denied the motion to suppress.

In this appeal, Jones contends the trial court erred in denying his motion to suppress because testimony given to the trial court was not recorded and because the affidavit supporting the search warrant did not establish a sufficient time frame for when criminal activity was observed. We disagree.

 

*1) Lack of recorded testimony*

Jones contends it is clear from Officer Brumfield's testimony at the suppression hearing that he gave testimony in the judge's chambers when he was seeking the search warrant, the testimony was not recorded and neither was a written summary of it prepared, and the issuing magistrate's failure to do so was fatal to the search warrant's validity. His argument is misplaced.

Rule 13.1 of the Arkansas Rules of Criminal Procedure provides in pertinent part:

Rule 13.1. Issuance of search warrant.
  (b) The application for a search warrant shall describe with particularity the persons or places to be searched and the persons or things to be seized, *and shall be supported by one (1) or more affidavits <u>or</u> recorded testimony under oath before a judicial officer* particularly setting forth the facts and circumstances tending to show that such persons or things are in the places, or the things are in possession of the person, to be searched. If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained. *An affidavit or testimony is sufficient if it describes circumstances establishing reasonable cause to believe that things subject to seizure will be found in a particular place. Failure of the affidavit or testimony to establish the veracity and bases of knowledge of persons providing information to the affiant shall not require that the application be denied, if the affidavit or testimony viewed as a whole, provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place.*

(Emphasis added.)

The rule's use of the disjunctive "or" makes it clear that both affidavits and recorded testimony are not required to support an application for a search warrant.[1] Brumfield

---

[1]Jones focuses his argument on subsection (d) of Rule 13.1, which provides that the judicial officer "may" examine under oath the affiants or witnesses, and the applicant and any witnesses he may produce, and may himself call such witnesses as he deems necessary to a decision. The subsection further provides that the judicial officer "shall make and keep a fair written summary of the proceedings and the testimony taken before him, except that if sworn testimony alone is offered in support of the application, such testimony shall be recorded pursuant to subsection (b) hereof."

prepared and presented to the issuing magistrate his sworn affidavit, setting forth the facts and circumstances tending to show that such things were in the place to be searched. He also sought a no-knock entry to Jones's premises. According to Brumfield's testimony at the suppression hearing, the issuing judge asked him questions pertaining only to the no-knock entry. The fact that those questions and Brumfield's responses were neither recorded nor a written summary of them prepared is not fatal to the search warrant itself. As will be discussed *infra*, Brumfield's affidavit was sufficient by itself to describe the circumstances and establish reasonable cause to believe that things subject to seizure would be found at 908 North Main. Moreover, the request for a no-knock entry at that address was denied, making any questions concerning it irrelevant for purposes of this appeal.

   2) *Insufficiency of affidavit for search warrant*

The only challenge Jones makes to the contents of the affidavit is that it did not provide a time frame for the "reports" Officer Brumfield claimed to have received about the resident at 908 N. Main selling crack cocaine from his residence. Again, his argument is misplaced.

Officer Brumfield's affidavit for a warrant to search the premises at 908 North Main was not based in whole or in part on hearsay. Rather, it was based on Brumfield's own findings when he conducted the "trash pull" at 908 N. Main, and as he explained in his affidavit,

> Found in the trash were approximately sixty sandwich baggies with the corner torn out of both sides. One of the baggies had a white powdery substance on it. This was field tested with a cocaine test swab and tested positive for the presence of cocaine. In this same garbage bag was mail with this address on it.

Moreover, the affidavit clearly provided the time frame for the "trash pull," which was conducted on "7-17-2013 at 0300 hours," and which was the same date the search warrant was issued and executed.

Brumfield's mention in his affidavit of the "reports" he had received that the resident of 908 North Main was selling crack cocaine from that address merely provided context for why he conducted the trash pull. He did not rely upon the "reports" to provide the basis for the search of the residence.   At most, they pertained to the trash pull, for which no search warrant was necessary. *See, e.g., Rikard v. State*, 354 Ark. 345, 123 S.W.3d 114 (2003) (a warrantless search and seizure of garbage from a trash container that has been left at the curb in front of a residence does not violate the constitution).

Moreover, as previously set forth, Rule 13.1 (b) provides in part,

> An affidavit or testimony is sufficient if it describes circumstances establishing reasonable cause to believe that things subject to seizure will be found in a particular place. Failure of the affidavit or testimony to establish the veracity and bases of knowledge of persons providing information to the affiant shall not require that the application be denied, if the affidavit or testimony viewed as a whole, provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place.

Viewing Officer Brumfield's affidavit as a whole, we conclude it provided a substantial basis for the trial court's finding of reasonable cause to believe that things subject to seizure would be found at 908 North Main.

*Allowing Testimony About Test-Firing of Weapons*

For his final point, Jones contends that the trial court erred in allowing the State to present testimony that the guns found in his home were capable of being fired. We disagree.

SLIP OPINION

One of the offenses for which Jones was found guilty was simultaneous possession of controlled substances and firearms. Ark. Code Ann. § 5-74-106 (Repl. 2016). It is a defense to this charge if the defendant was in his home and the firearm was not readily accessible for use. Ark. Code Ann. § 5-74-106(d).

At trial, Officer Brumfield testified that on June 18, 2015, he participated in the test firing of guns retrieved from Jones's residence. Jones's counsel objected based on the fact he "was not notified of any actual testing of the guns. I was not provided with a written report. I wasn't provided anything," despite the fact he had requested such items in his discovery motion filed on November 7, 2014. He argued it was a total surprise and it affected a crucial part of his case. The prosecutor countered that no written report is prepared when officers test-fire weapons; there is not any requirement for there to be a written report; and Jones had access to the weapons for the entire time the case was pending. The trial court overruled the objection.

When Brumfield resumed testifying, he explained he did not prepare any paperwork concerning the testing, but further stated, "I do have a video of it." Jones's counsel again approached the bench and argued he was entitled to the video because he had asked for such items during discovery. The prosecutor responded he was not going to elicit any information about the video; that when he realized there was a video and he was not able to get in touch with Jones's counsel to turn it over, he decided not to use it. He acknowledged that counsel was entitled to anything he was going to use, but that he was not planning to use it. The trial court concluded the prosecutor could not use the video because it was not furnished to Jones.

Defense counsel then asked that any testimony regarding the test-firing be struck. The prosecutor explained the police can test-fire weapons any time before trial; the gun was tested on June 18; and he called defense counsel on Friday, June 19, prior to the start of the June 22 trial, to let him know the weapons had been test-fired. Defense counsel explained he had prepared his defense in part on his understanding that no testing had been done by the police and, therefore, there would be no evidence the gun was readily useable; he was surprised by the turn of events; the State had a duty to disclose the information before Friday; and it severely affected his ability to defend his client.

The trial court did not allow the playing of the video, but overruled the objection to testimony concerning the test-firing, reasoning that the gun was tested on June 18, and counsel was informed the next day; and that nothing was known before then. Moreover, during this side-bar conference, defense counsel confirmed that the prosecutor "has just shown me the text message that he sent to me and it did say that about the test-fire of assault rifles in that tests, but that was on June 19 at 3, 4 o'clock in the evening, and like I told him, I was on my way to Memphis and the holiday was this weekend so it's not fair to me to have to run to Jonesboro to get some information that I have already filed a written motion requesting."

The decision to admit or exclude evidence is within the sound discretion of the trial court, and we will not reverse its decision absent a showing of manifest abuse of discretion. *Nelson v. State,* 2013 Ark. App. 421. Jones knew about the weapons and could have conducted his own tests; the police did not conduct their test-fires until June 18, and the prosecutor notified Jones's counsel of those test-fires on June 19; there were no written

reports prepared; and the State did not intend to use the video when it was found to exist, and the trial court would not have allowed it in any event. We find no abuse of discretion in the trial court's decision to allow Brumfield to testify about the test-firing of the weapons seized from Jones's residence.

Affirmed.

HARRISON and VAUGHT, JJ., agree.

*Wilson Law Firm, P.A.*, by: *E. Dion Wilson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.